**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**


| | | |
|---|---|---|
| **United States of America,** | ) | **CASE NO.     4:13 CR 248** |
| | ) | |
| | ) | |
| **Plaintiff/Respondent,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| **Vs.** | ) | |
| | ) | |
| **Eddie Bryant,** | ) | <u>**Memorandum of Opinion and Order**</u> |
| | ) | |
| **Defendant/Petitioner.** | ) | |


Pending before the Court is petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set

Aside, or Correct Sentence (Doc. 46). In his motion, petitioner relies on *Johnson v. United*

*States*, 135 S. Ct. 2551, 2563 (2015), to argue that he was unconstitutionally sentenced under the

residual clause of U.S.S.G. § 2K2.1(a)(2), which requires that a defendant have two qualifying

"crimes of violence." In *Johnson*, the United States Supreme Court struck down the residual

clause of the Armed Career Criminal Act's definition of a "violent felony" as void for vagueness.

More recently, however, the Supreme Court held in *Beckles v. United States*, – U.S. –, – S. Ct. –,

2017 WL 855781 (U.S. Mar. 6, 2017), that the United States Sentencing Guidelines are not

subject to a vagueness challenge under the Due Process Clause. Thus, *Johnson*'s vagueness

holding does not apply to the Sentencing Guideline provision under which petitioner was sentenced. Petitioner's motion is, therefore, DENIED.

Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

IT IS SO ORDERED.


 /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 3/21/17